31 F.3d 1177
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elliott FUTRELL, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 93-3450.
 United States Court of Appeals, Federal Circuit.
 July 14, 1994.
 
 Before RICH, NEWMAN, and SCHALL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Elliott Futrell appeals from the decision of the Merit Systems Protection Board (Board), Docket No. SL0752920051I1, sustaining his removal by the Department of Justice (agency) for falsification of his employment forms. We affirm in-part, reverse in-part, and remand the case to the Board for determination by the agency of what lesser penalty is appropriate.
 
 DISCUSSION
 
 2
 Mr. Futrell was employed by the Bureau of Prisons as a Correctional Officer, GS-007-07, at the Federal Correctional Institution, Memphis, Tennessee beginning on July 29, 1990. Effective October 25, 1991, Mr. Futrell was removed from this position based on a charge of intentional falsification of employment documents and security forms. The charge contained two specifications, the first regarding Mr. Futrell's response on his SF-86 Investigative Form, entitled "Questionnaire for Sensitive Positions," asking whether he had ever been arrested, charged or convicted of any type of offense and the second regarding his response on that form asking whether he had ever had a legal judgment rendered against him for a debt.
 
 
 3
 On November 7, 1991, Mr. Futrell appealed his removal by the agency. In an Initial Decision (ID) dated March 16, 1992, the Administrative Judge (AJ) affirmed Mr. Futrell's removal. The first specification (specification A) was based on five instances between January 1981 and April 1989 in which charges were purportedly filed against Mr. Futrell. In the ID, the AJ found that the agency failed to prove by preponderant evidence that Mr. Futrell had been criminally charged in four of these instances. With regard to the fifth, an incident in January 1981, the AJ sustained the agency's charge of falsification, and therefore sustained specification A.
 
 
 4
 The second specification (specification B) was based on an alleged legal judgment against Mr. Futrell in favor of Cross County Hospital on October 23, 1986 for $56.20. The AJ sustained the falsification charge with respect to specification B. The AJ also found that the agency's penalty of removal was "within tolerable limits of reasonableness."
 
 
 5
 Mr. Futrell petitioned for review of the ID and on June 10, 1993, the Board issued an Opinion and Order (Opinion) modifying the ID and sustaining the agency's removal action. In the Opinion, the Board did not sustain specification A because there was insufficient proof that Mr. Futrell was ever charged for any criminal offense in 1981. The Board sustained the second specification and based thereon found Mr. Futrell's removal reasonable.
 
 
 6
 Mr. Futrell appealed to this court. We have jurisdiction under 5 U.S.C. Sec. 7703(b)(1) (1988). We review Board decisions to determine whether they are:
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence ...
 
 
 10
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 11
 A charge of falsification of a government document requires proof not only that an answer is wrong, but also that the wrong answer was given with the intent to deceive or mislead the agency. Naekel v. Department of Transportation, 782 F.2d 975, 982 (Fed.Cir.1986).
 
 
 12
 The only sustained charge of falsification relates to the failure of Mr. Futrell to report that a judgment for $56.20 had been rendered against him in 1986 for costs arising out of hospital charges incurred while Mr. Futrell was a police officer in Wynne, Arkansas. Mr. Futrell contended that because the hospital charges arose while he was on duty, he should not be liable for payment. Apparently Mr. Futrell's wages were ultimately garnished and therefore a judgment was rendered against him for a debt.[1] As a result, it is indisputable that Mr. Futrell supplied an incorrect answer on an employment form.
 
 
 13
 Mr. Futrell's intent to deceive the agency when he supplied the incorrect answer is a question of fact which we review under the substantial evidence standard. See 5 U.S.C. Sec. 7703(c) (1988) and Jackson v. Veterans Admin., 768 F.2d 1325, 1329 (Fed.Cir.1985). The AJ addressed the issue of intent and discredited Mr. Futrell's assertion that he forgot about the judgment because of the nature of the debt, the garnishment of wages, the fact that Mr. Futrell had spoken to the Mayor about the debt, and because Mr. Futrell had suffered an on-the-job injury which gave rise to the debt. On these bases, the AJ found the requisite intent. The Board in its review agreed. We find that the Board's determination of intent is supported by substantial evidence on the record as a whole. Parker v. United States Postal Service, 819 F.2d 1113, 1116 (Fed.Cir.1987).
 
 
 14
 The issue remains, however, whether the penalty imposed, removal, was appropriate here where all of the more serious charges against Mr. Futrell, involving criminal allegations, were not proven, while the least serious charge was sustained.
 
 
 15
 To assure that its decisions meet the standard under section 7703(c), the Board must review the agency's penalty selection to be satisfied (1) that on the charges sustained by the Board the agency's penalty is within the range allowed by law, regulation, and any applicable table of penalties, and (2) that the penalty "was based on a consideration of the relevant factors and [that] ... there has [not] been a clear error of judgment." Douglas v. Veterans Admin., 5 M.S.P.R. 280, 301 (1981) ( citing Citizens to Protect Overton Park v. Volpe, 401 U.S. 402, 416 (1971)). The ultimate burden is upon the agency to persuade the Board of the appropriateness of the penalty imposed. Douglas, 5 M.S.P.R. at 307.
 
 
 16
 In this case, the penalty of removal is within the range of permissible punishment specified by statute or regulation. However, agency tables of penalties should not be applied so inflexibly as to impair consideration of other factors relevant to the individual case. Douglas, 5 M.S.P.R. at 307. A penalty may be excessive in a particular case even if within the range permitted by statute or regulation. Power v. United States, 531 F.2d 505 (Ct.Cl.1976).
 
 
 17
 Moreover, whenever the agency's action is based on multiple charges, careful consideration must be made as to whether the sustained charges merited the penalty imposed by the agency. Responsible judgment must be exercised. Selection of an appropriate penalty must involve a balancing of the relevant factors involved. Douglas, 5 M.S.P.R. at 306. Here, we find that the penalty of removal was so harsh and disproportionate to the offense that it amounts to an abuse of discretion by the agency. Power, 531 F.2d at 507.
 
 
 18
 We cannot overemphasize that the amount at issue here was a mere $56.20 as to which there may have been good grounds for alleging he was not personally responsible for it. Additionally, that the Government's serious allegation that Mr. Futrell was charged with criminal offenses no less than five times was not sustained and the removal was instead sustained on the much less serious charge of failing to report the $56.20 judgment is also significant.[2] Indeed, based on the record before us, attention consistently centered around the criminal charges, not the judgment. Additionally, the Board, in sustaining the removal penalty, relied on the testimony of the deciding official that removal was appropriate because Mr. Futrell's conduct raised questions about his honesty. However, the deciding official had, in addition to the specification regarding the judgment, sustained the specification for failure to report criminal charges which the Board found to have been not proven.
 
 
 19
 These facts lead us to conclude that the penalty of removal was not appropriate here and was an abuse of discretion. We note, finally, that this situation is unique and the general rule remains that the penalty imposed by the agency will be viewed as a matter within its discretion unless such discretion has been abused. This case represents an abuse of discretion. We accordingly reverse the decision of the Board with respect to the penalty and remand for consideration of an appropriate penalty. See Miguel v. Department of the Army, 727 F.2d 1081 (Fed.Cir.1984).
 
 
 20
 No costs.
 
 
 21
 AFFIRMED IN-PART, REVERSED IN-PART AND REMANDED.
 
 
 
 [1]
 We note that although not in the record before us, during oral argument Mr. Futrell represented that he was ultimately reimbursed by his employer for the amount garnished. Because this contention was not raised below, we may not consider it for the first time on appeal. See Lizut v. Department of the Army, 717 F.2d 1391, 1396 (Fed.Cir.1983). On remand, the agency is free to consider the contention, should it be raised by Mr. Futrell
 
 
 [2]
 In this regard, for reasons unclear to us, the Government maintains in this appeal that Mr. Futrell's response on the SF-86 regarding criminal charges is "pertinent to this appeal" despite the fact that the Board found that the Government failed to prove its case on this issue