64 F.3d 676
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Celerina S. RAMIREZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3286.
 United States Court of Appeals, Federal Circuit.
 Aug. 11, 1995.
 
 Before MAYER, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Celerina S. Ramirez, a citizen of the Philippines and the widow of Ambrocio M. Ramirez, seeks review of an initial decision of the Merit Systems Protection Board, Docket No. SE0831940565-I.1 (Oct. 13, 1994), denying her survivor's annuity for her husband's civil employment with the United States Navy at Subic Bay, Philippines. This decision became final on January 19, 1995, when the board denied her petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm the decision unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). "[T]he standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Parker v. United States Postal Serv., 819 F.2d 1113, 1115 (Fed. Cir. 1987).
 
 
 3
 Ramirez does not challenge the undisputed facts which led the board to conclude that she was not entitled to a survivor's annuity. First, her husband did not die while in the federal service, which would qualify her for benefits under 5 U.S.C. Sec. 8341(d). Second, he did not elect a reduced annuity with survivor benefit, which would have qualified her for benefits under 5 U.S.C. Sec. 8341(b)(1). Third, no unrefunded contributions remained in his retirement account at the time of his death, which would have qualified her for benefits under 5 U.S.C. Sec. 8342(d).
 
 
 4
 Ramirez additionally argues that she should be entitled to benefits under the Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195 (codified as amended in scattered sections of 5 U.S.C.). However, because it is undisputed that she was married to Mr. Ramirez at the time of his death, she is ineligible for benefits under this Act. The board properly held that she did not qualify for survivor's benefits under any of these categories.