Stanley B. PARKER, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

Appeal No. 86–1587.

United States Court of Appeals, Federal Circuit.

May 20, 1987.

Keith C. Kyles, Evans, Willis, Stotts & Kyles, of Memphis, Tenn., argued, for petitioner.

Linda T. Maramba, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Stephen E. Alpern, Associate General Counsel and Lori Joan Dym, Office of Labor Law, U.S. Postal Service, Washington, D.C., of counsel.

Before NEWMAN, BISSELL and ARCHER, Circuit Judges.

ARCHER, Circuit Judge.

The decision of the Merit Systems Protection Board (MSPB or board), MSPB No. AT07528510387, 31 M.S.P.R. 58, sustaining the United States Postal Service's (Postal Service or agency) removal of petitioner Stanley B. Parker (Parker) from his position as a distribution clerk (Grade 5) is affirmed.

### Background

Parker was indicted on January 28, 1985 by a Federal grand jury on the felony charge that he and another individual "being aided and abetted by each other, did intentionally possess with intent to distribute and did distribute approximately one ounce of cocaine" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This indictment resulted from an undercover investigation conducted by the Postal Inspection Service at the Memphis, Tennessee, bulk mail center. Parker, while on duty, gave another postal employee (an informant) a telephone number to arrange for the purchase of cocaine. In two telephone conversations, Parker and the informant agreed that the cocaine transaction would occur at Parker's home. Both of these telephone conversations were recorded by the postal authorities. The informant and an undercover postal inspector went to Parker's home, where they met with Parker and Parker's step-brother, and purchased one ounce of cocaine for approximately $2,500 from Parker's step-brother. Parker pled guilty to the felony indictment on May 31, 1985 and received a one-year suspended sentence and probation.

The Postal Inspection Service's investigative memorandum with exhibits, dated January 2, 1985, was sent to postal officials after Parker was indicted. On the basis of this information, Parker was issued a notice of proposed removal, provided an oral hearing and subsequently removed from his Postal Service position effective February 14, 1985.

On Parker's appeal of his removal to the MSPB, the presiding official reduced the penalty to a demotion to Grade 4 and a sixty-day suspension. The presiding official found that the charge of violating section 661.53 of the agency's Employee and Labor Relations Manual, which proscribes, *inter alia*, criminal, dishonest, notoriously disgraceful or immoral conduct, or other conduct prejudicial to the Postal Service, was sustained and that, in fact, it was admitted by petitioner. As to the question of whether the removal of petitioner promoted the efficiency of the service, 5 U.S.C. § 7513(a), the presiding official held that there was a nexus between the petitioner's misconduct and the agency's ability to fulfill its mission. Nexus was established by showing that petitioner's criminal activity involved another Postal Service employee and that the contact initiating the cocaine sale occurred because petitioner and the other employee both worked at the same facility. In further support of the nexus finding, the presiding official also noted that controlled substances were perceived as a problem by the Postal Service

at this facility, that nine other employees at the facility were involved in selling drugs, and that "such widespread activity within the facility necessarily affects the efficiency of the service."

Recognizing that the agency has considerable discretion in selecting a penalty for employee misconduct and that petitioner's misconduct was serious, the presiding official determined nevertheless that there were a number of factors indicating that removal clearly exceeded the "tolerable limits of reasonableness." The factors mentioned by the presiding official included the fact that petitioner was not the actual seller of the drug, he enjoyed no financial gain, the sale occurred off agency premises, and there was no evidence that the sale resulted in the use of drugs at the postal facility. The presiding official also noted that (1) the agency failed to present evidence of notoriety or publicity surrounding the offense, any particular sensitivity regarding petitioner's position or any way in which his misconduct might affect his continued employment, (2) he was the only one of the ten facility employees engaged in drug trafficking to be charged with the lesser offense of aiding and abetting, (3) his record was better than that of the others, (4) he had ten years of unblemished service, and (5) his floor supervisors attested to his continuing value as a Postal Service employee.

The full board reversed the presiding official's mitigation of the removal penalty. It concluded that aiding and abetting the sale of drugs to another employee is a serious offense and reflects adversely on the honesty and integrity of the petitioner. The board noted that the Postal Service's deciding official testified that he considered the "mitigating factors such as years of service and absence of prior disciplinary record but found that they could not reduce the penalty when balanced against a serious charge for which a sentence of imprisonment might be imposed." The board also said the Postal Service established that it had a serious drug problem at the facility where petitioner was employed and that all of the other nine employees who were apprehended in the undercover investigation were removed or resigned in the face of removal. It concluded that petitioner's misconduct was sufficiently similar to the conduct of the other employees in that petitioner was directly involved in the sale of drugs, the transaction was initiated at work, involved several telephone conversations in arranging for the transaction and terminated at petitioner's home, that it was not outweighed by the mitigating factors mentioned by the presiding official. The board therefore sustained the removal of petitioner as a reasonable penalty in view of the agency's legitimate concern about drug trafficking.

## OPINION

Petitioner argues on appeal that the Postal Service failed to establish a reasonable nexus between petitioner's misconduct and the efficiency of the service, stating that criminal actions alone do not automatically supply the nexus. Petitioner also contends that the penalty of removal in this case was disproportionate to the employee's misconduct and therefore arbitrary and capricious.

■ The scope of review in an appeal of a decision of the MSPB is contained in 5 U.S.C. § 7703(c) and requires this court to sustain the decision of the board unless it is found to be

(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule or regulation having been followed; or

(3) unsupported by substantial evidence.

In determining whether the board's decision is supported by substantial evidence, the standard is not what the court would decide in a *de novo* appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole. *Brewer v. United States Postal Service*, 647 F.2d 1093, 1096 (Ct.Cl.1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

■ We do not need to dwell at length on nexus, which the presiding official and,

in turn, the board found was established by the Postal Service. We are convinced that there is substantial evidence to support this finding. The agency proved that it had a significant drug problem at the facility where petitioner worked, causing it to conduct an undercover investigation. While there was no specific evidence that this particular sale resulted in any use of drugs at the facility, as stated by the presiding official, we consider such a direct causal connection and effect on the Postal Service's operations to be unnecessary in view of the other circumstances present. Nexus may be established either by specific evidence or, if not adequately rebutted, by the nature of the conduct if it is so egregious as to "speak for itself." *Sanders v. United States Postal Service*, 801 F.2d 1328, 1332 (Fed.Cir.1986); *accord Graybill v. United States Postal Service*, 782 F.2d 1567, 1573–74 (Fed.Cir.1986); *Hayes v. Department of the Navy*, 727 F.2d 1535, 1539 (Fed.Cir.1984). Here there is a direct connection to the efficiency of the service in that petitioner admittedly aided and abetted the sale of drugs to another employee at that facility in a transaction that was arranged at least in part at work. *See Sanders*, 801 F.2d at 1332.

■■■ The remaining issue is the propriety of the disciplinary action chosen by the Postal Service. It is well established that the determination of the proper disciplinary action to be taken to promote the efficiency of the service is a matter peculiarly and necessarily within the discretion of the agency. *Miguel v. Department of Army*, 727 F.2d 1081, 1083 (Fed.Cir.1984); *Villela v. Department of the Air Force*, 727 F.2d 1574, 1576 (Fed.Cir.1984); *Brewer*, 647 F.2d at 1098; *Boyce v. United States*, 543 F.2d 1290 (Ct.Cl.1976). Indeed, deference is given to the agency's judgment unless the penalty exceeds the range of permissible punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Villela*, 727 F.2d at 1576 (quoting *Power v. United States*, 531 F.2d 505, 507 (Ct.Cl.1976)).

This court established the standards to be utilized in applying the factors in *Douglas v. Veterans Administration*, 5 M.S.P.B. 313, 331–32, 5 M.S.P.R. 280, 304–06 (1981), to determine the appropriateness of a penalty in *Nagel v. Department of Health and Human Services*, 707 F.2d 1384 (Fed.Cir.1983). We noted that the factors discussed in *Douglas* were not exhaustive of all factors which might be considered in a particular case and, by the same token, not all of the twelve factors would be pertinent in every case, stating:

> Clearly, the twelve factors listed were intended to assist agencies in selecting a penalty, and for the reviewing board in determining the appropriateness of the penalty selected. The board never intended that each factor be applied mechanically, nor did it intend mandatory consideration of irrelevant factors in a particular case, or that it should be reversible error not to state expressly that a factor was considered and found irrelevant.... [T]he *Douglas* decision correctly states that neither statute nor regulation *requires* an agency to demonstrate that it considered all mitigating factors.

707 F.2d at 1386 (emphasis in the original). Here the board emphasized that the agency deciding official testified that he had considered mitigating factors such as years of service and absence of a prior disciplinary record. The board not only considered these factors but also the other mitigating factors set forth in the presiding official's opinion in reaching its conclusion. Based on all the circumstances, it determined that the mitigating factors "are not sufficient to outweigh the agency's legitimate concern about drug trafficking or to make removal an unreasonable penalty." *See Connolly v. United States*, 766 F.2d 507, 513–14 (Fed.Cir.1985).

■■ We are convinced that there is substantial evidence to support the decision of the board and that its decision is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. 5 U.S.C. § 7703(c). Accordingly, we affirm the decision of the board sustaining the

action of the Postal Service in removing petitioner.

AFFIRMED.