950 F.2d 730
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Archie L. WILLIAMS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3509.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1991.
Rehearing Denied Dec. 9, 1991.
Suggestion for Rehearing In Banc Declined Dec. 19, 1991.
 
 Before RICH, MICHEL and LOURIE, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Archie L. Williams appeals from the final decision of the Merit Systems Protection Board (MSPB or Board) which sustained his removal from his position as Maintenance Plant and Equipment Engineer with the United States Postal Service (USPS) for unauthorized removal of official attendance records from USPS premises. Williams v. United States Postal Serv., Docket No. DA07528810603 (May 18, 1989). Because he has shown neither insufficient evidence, procedural error, absence of nexus, nor excessive penalty, we affirm.
 
 BACKGROUND
 
 2
 USPS notified Mr. Williams on December 15, 1986, that he would be suspended for seven days, commencing on January 4, 1987, for poor attendance. Subsequently, on or about December 22, 1986, Mr. Williams removed a binder containing official attendance records for all employees reporting to his supervisor, Mr. Asael Ramirez, from postal premises. Mr. Williams anonymously left copies of some of the records concerning other employees on his union steward's desk. Although a private attorney advised him to return the records during his suspension, Mr. Williams kept the binder until January 14, 1987, when a postal supervisor who was checking the parking lot for illegally parked cars spotted the binder inside the vehicle Mr. Williams drove that day. Mr. Williams then returned the records and admitted to Postal Inspectors to taking the binder.
 
 
 3
 In February, 1987, Mr. Bajwa, who had succeeded Mr. Ramirez as supervisor, issued Mr. Williams a notice of proposed removal. After Mr. Williams had responded to the charge both in writing and with a representative, a letter of decision issued, informing him he would be removed effective March 13, 1987.
 
 
 4
 Upon appeal to the MSPB, the administrative judge (AJ) sustained the removal in her initial decision of December 22, 1988. The MSPB denied Mr. Williams' petition for full Board review of the initial decision, which became final on May 18, 1989.
 
 DISCUSSION
 
 5
 We must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). Moreover, credibility determinations are ordinarily not reviewed by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). In this case, substantial evidence, including his own admission, supports the AJ's finding that Mr. Williams removed official documents without authorization from postal premises. The AJ accepted as credible the testimony of Mr. Ramirez concerning the official nature of the attendance records and the security under which those records had been kept.
 
 
 6
 With respect to Mr. Williams' claim that he was denied an opportunity to consult with his union representative prior to the interview with the Postal Inspectors and prior to his pre-disciplinary conference with Mr. Bajwa, substantial evidence supports the AJ's determination of no harmful error. As for the interview, a union representative spoke with Mr. Williams immediately before and remained nearby during the interview. As for the pre-disciplinary conference, Mr. Williams failed to show how the denial of an opportunity, if any, to speak with the union representative prevented the petitioner from providing Mr. Bajwa with new or additional information.
 
 
 7
 The AJ also did not commit reversible error in finding a nexus between Mr. Williams' misconduct and the efficiency of the Postal Service. See 5 U.S.C. § 7513(a) (1988). Mr. Ramirez and Mr. Bajwa testified that the binder contained the employees' official attendance records for the entire year, that employees could not be properly evaluated absent those records, and that a substantial amount of time would be necessary to reconstruct those records.
 
 
 8
 The agency's choice of penalty is given deference "unless the penalty is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.' " Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987), quoting Power v. United States, 531 F.2d 505, 507 (Ct.Cl.1976). However, the agency and the Board must take account of all relevant mitigating and aggravating factors in the case. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 303 (1981). Here, they did. The AJ noted the serious nature of Mr. Williams' misconduct, particularly in light of his access to the property of others. The AJ considered Mr. Williams' past disciplinary record, his few years of service, and the self-serving nature of petitioner's removal of the binder. Finally, Mr. Williams' testimony that he did not know the records were official or that their removal was improper was rejected by the AJ as incredible. As to Mr. Williams' contention that his removal constitutes disparate treatment, the two examples petitioner cited were correctly found not comparable to his case by the AJ.