11 F.3d 1069
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David A. UNMACK, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3157.
 United States Court of Appeals, Federal Circuit.
 Oct. 8, 1993.
 
 Before ARCHER, LOURIE, and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Donald A. Unmack petitions for review of the December 18, 1992 decision of the Merit Systems Protection Board, No. DC0752920345-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 On September 17, 1991, Unmack entered into a "last chance" agreement, pursuant to which he agreed, inter alia, to "comply with all established leave procedures and maintain a satisfactory attendance record." The agreement further provided that Unmack would be removed for failure to comply with its terms and that Unmack waived all rights to appeal therefrom.
 
 
 3
 Unmack subsequently failed to report to work without authorization. The deciding official found that Unmack knew he was scheduled for work and failed to provide an acceptable excuse for his violation of leave procedures. Accordingly, Unmack was removed pursuant to the last chance agreement.
 
 
 4
 Unmack appealed his removal to the Board. In view of the express waiver provision in the last chance agreement, the Administrative Judge (AJ) ordered him to show cause why his appeal should not be dismissed for lack of jurisdiction. In response, Unmack conceded that he was absent from a scheduled work day, but nevertheless asserted that the agreement was unenforceable because he had signed it under duress. The AJ rejected Unmack's arguments and dismissed his appeal for lack of jurisdiction. The AJ's decision became the final decision of the Board when the Board denied review on December 18, 1992.
 
 
 5
 Unmack now petitions for review of the Board's decision. We must affirm the Board's decision unless it was arbitrary, capricious, an abuse of discretion, not in accordance with law, obtained without proper procedures, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 Unmack argues that he was not aware of his duty to report to work and repeatedly emphasizes his medical records, the agency's leave policies, and his good employment record in support of his argument that he was improperly removed. We understand Unmack's point to be that the Board failed to take these factors into account. We disagree. The Board found that Unmack voluntarily entered into and violated the agreement, that Unmack was represented by counsel when he entered into the agreement and he later conceded that he had "technically" violated the agreement by failing to report to work.
 
 
 7
 The law is clear that a waiver provision in a last chance agreement voluntarily entered into deprives the Board of jurisdiction as long as the employee fails to raise a non-frivolous issue regarding compliance with the agreement. Stewart v. United States Postal Serv., 926 F.2d 1146, 1148 (Fed.Cir.1991). Here, the Board specifically found that Unmack failed to set forth a non-frivolous factual issue of compliance. In determining whether the Board's decision is supported by substantial evidence, the standard is whether the administrative determination is supported by substantial evidence on the record as a whole. Parker v. United States Postal Serv., 819 F.2d 1113, 1115 (Fed.Cir.1987). After reviewing the record, we conclude that the Board's findings were supported by substantial evidence. Accordingly, the decision of the Board is affirmed.