26 F.3d 138
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lana THOMPSON, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 93-3285.
 United States Court of Appeals, Federal Circuit.
 April 13, 1994.
Rehearing Denied June 1, 1994.
 
 Before RICH and SCHALL, Circuit Judges, and COHN, District Judge.*
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Lana Thompson petitions for review of the final decision of the Merit Systems Protection Board (Board) in Docket No. DA0752920628-I-1, sustaining her removal by the Department of the Navy (Navy). The December 2, 1992 decision of the Administrative Judge (AJ) became the final decision of the Board on March 9, 1993, when the Board denied Ms. Thompson's petition for review. We affirm.
 
 BACKGROUND
 
 2
 On August 14, 1992, Ms. Thompson was removed from her position as a GS-3 file clerk at the Naval Reserve Personnel Center in New Orleans, Louisiana. The Navy's removal of Ms. Thompson was based upon five instances of tardiness between May and July 1992, ranging from 5 to 19 minutes, and her past disciplinary record. Prior to the removal action, the Navy had disciplined Ms. Thompson four times for tardiness: (1) in April 1990, she received a written reprimand for six instances of tardiness; (2) in July 1990, she was suspended for three days for ten instances of tardiness; (3) in February 1991, she was suspended for fourteen days for five instances of tardiness; and (4) in February 1992, she was suspended for fourteen days for nine instances of tardiness. Taking together the five instances of tardiness between May and July of 1992 and the four prior disciplinary actions, Ms. Thompson accrued thirty-five instances of tardiness totaling 4 hours and 38 minutes of unauthorized absence.
 
 
 3
 The AJ found that the undisputed and admitted facts established that Ms. Thompson was tardy on the five instances charged by the Navy. The AJ then considered the appropriateness of the removal penalty. After weighing the relevant factors, the AJ concluded that the sustained misconduct, in addition to the past disciplinary record for the same misconduct, provided a proper basis for removal. On appeal, Ms. Thompson challenges only the penalty imposed by the Navy.
 
 DISCUSSION
 
 4
 The Board's decision must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Our review of an agency's penalty is highly deferential. Webster v. Department of Army, 911 F.2d 679, 685 (Fed.Cir.1990), cert. denied, 112 S.Ct. 181 (1991). "[D]eference is given to the agency's judgment ... unless the penalty is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.' " Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987). "This court will not disturb the agency's choice unless the severity of its action appears totally unwarranted in light of the relevant factors." DeWitt v. Department of Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985).
 
 
 5
 Ms. Thompson contends that all relevant factors were not considered in the determination that her misconduct warranted removal. In Douglas v. Veterans Administration, 5 M.S.P.R. 280, 296-308 (1981), the Board listed twelve factors ("Douglas factors") which are frequently relevant in determining the appropriateness of an agency's penalty. Only the factors relevant in each particular case are required to be considered. See Webster, 911 F.2d at 686. In this case, the relevant Douglas factors were considered, including Ms. Thompson's length of service, her satisfactory performance record, the allegations of disparate treatment, and the total period of unauthorized absence. In particular, the Board stated that "[w]hile the instances of tardiness in the current offense, standing alone, do not represent a lengthy period of unauthorized absence, they do show a continuing trend of tardiness by the appellant when considered in connection with her past record."
 
 
 6
 Ms. Thompson also contends on appeal that the removal penalty exceeded the bounds of reasonableness. She argues that several mitigating factors, including the minimal seriousness of her offense, her fifteen years of service, and her ability to perform at a satisfactory level, warranted a reduction in her penalty. In its decision, the Board considered the mitigating factors alleged by Ms. Thompson. However, the Board pointed out that Ms. Thompson's past disciplinary record showed repeated attempts by the Navy to correct her tardiness problem and to afford her an opportunity for rehabilitation. The Board also noted that Ms. Thompson's potential for rehabilitation was poor. Thus, the Board concluded, the Navy's decision to remove Ms. Thompson for this fifth disciplinary action, rather than further tolerate continuing instances of tardiness, did not exceed the bounds of reasonableness. We agree. Although "the penalty must be reasonable in light of the sustained charges, our court has effectively defined reasonable in this context to mean merely that the agency's choice of penalty not be 'grossly disproportionate to the offense....' " Webster, 911 F.2d at 686 (citation omitted). We cannot say that the Navy's removal of Ms. Thompson was totally unwarranted or unconscionably or grossly disproportionate to the sustained misconduct, in light of her past disciplinary record.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation