59 F.3d 180
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Joel R. VALENZUELA, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 95-3006.
 United States Court of Appeals, Federal Circuit.
 March 13, 1995.
 
 Before ARCHER, Chief Judge, MAYER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joel R. Valenzuela seeks review of the May 6, 1994, initial decision of an Administrative Judge (AJ), Docket No. SF-0752-94-0017-I-2, which sustained the agency's decision to remove Valenzuela from his position as a WG-4 materials handler for the Defense Logistics Agency Transportation and Shipping Division in Tracy, California. This decision became final on September 14, 1994, when the board denied Valenzuela's petition for review. Because the AJ's findings are supported by substantial evidence and the penalty of removal was not unreasonable, we affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Thus, in reviewing the AJ's decision that the agency proved by a preponderance of the evidence that Valenzuela negligently jeopardized the safety of others, "the standard is not what the court would decide in a de novo appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." Parker v. United States Postal Serv., 819 F.2d 1113, 1115 (Fed. Cir. 1987).
 
 
 3
 Under this standard, we conclude that the AJ properly found that the agency proved its charge and that the penalty was reasonable. In finding that Valenzuela jeopardized the safety of co-worker Jimmy Sanders by failing to apprise his supervisor, John Bogarin, that Sanders was on the overhead conveyor system and would be in danger if someone restarted the system, the AJ based her decision on the record and the testimony of the witnesses at a hearing on March 22, 1994. The AJ considered the testimony of various employees, including Bogarin, Sanders, Ronald Beatty, who was the deciding official, and Connie Evans, the general foreman who had asked Sanders to investigate the stopped conveyor. The AJ also noted that Valenzuela's testimony was contradicted by both the agency's witnesses and his own, and she commented on Valenzuela's demeanor during the hearing, including the fact that he was grinning during the testimony of agency witnesses. In other words, the AJ carefully weighed all of the evidence and made the credibility determinations that were within her province. See Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). The AJ also properly rejected Valenzuela's affirmative defenses, finding that he produced no evidence of discrimination or reprisal because of EEO activity.
 
 
 4
 Valenzuela also challenges the penalty of removal. Contrary to his assertions, however, the AJ performed a detailed analysis of the reasonableness of the penalty and concluded that Valenzuela's carelessness, which placed a co-worker in danger, in conjunction with his past disciplinary record, warranted removal. The AJ considered Valenzuela's nineteen years of service and his numerous suggestion awards, but concluded that these factors did not outweigh the seriousness of the sustained charge. Thus, the AJ found that the agency had shown that the removal promoted the efficiency of the service as required by 5 U.S.C. Sec. 7513(a). Our review of an agency's penalty is highly deferential: we must defer to the agency's choice unless it is so disproportionate to the offense that it constitutes an abuse of discretion. DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed. Cir. 1984). Under this standard, we agree with the board that the sustained charge warranted removal.