70 F.3d 1290
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clinton KNOX, Jr., Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 95-3042.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1995.
 
 Before RICH, NEWMAN and BRYSON Circuit Judges.
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Clinton Knox, Jr. ("Petitioner") appeals from the September 19, 1994 final decision of the Merit Systems Protection Board, Docket No. SL0752940236-I-1, sustaining his removal by the Department of Justice's Bureau of Prisons from his position as a Correctional Officer.[1] The agency removed Petitioner for "unacceptable conduct," asserting that he failed to assist a fellow officer. We affirm the Board's decision.
 
 DISCUSSION
 
 2
 Petitioner began his employment with the Federal Bureau of Prisons on June 30, 1991. On October 23, 1993, while working at the Federal Correctional Institution in Memphis, Tennessee, Petitioner and another officer, Felicia Portwood, were assigned to the visiting room. Petitioner's duty was to escort visitors to and from the visiting room. Officer Portwood's job was to remain in the visiting room with the inmates and other visitors.
 
 
 3
 While Petitioner was out of the room, prison inmate Calvin Wilhite assaulted his wife by hitting her several times with his fists. Officer Portwood attempted, without success, to separate Wilhite and his wife. Petitioner had returned to the visiting room, and radioed for help. Petitioner and Officer Portwood disagreed, at the hearing, as to what else Petitioner did or should have done in order to assist Officer Portwood and restrain the assailant. The warden removed Petitioner from the service, stating that "when individuals lose confidence of their supervisors and their peers, I feel that they cannot function in the same environment."
 
 
 4
 The Administrative Judge resolved the differences in testimony between Petitioner and Officer Portwood as a matter of credibility. Credibility determinations are virtually unreviewable on appeal. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Having credited Officer Portwood's testimony that Petitioner provided inadequate assistance, the AJ found that the penalty of removal was appropriate in the circumstances. With regard to the appropriateness of the penalty, our review is highly deferential. Parker v. United States, 819 F.2d 1113, 1116 (Fed.Cir.1986). We conclude that the removal decision was not arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise contrary to law, and must be affirmed.
 
 
 5
 No costs.
 
 
 
 [1]
 Petitioner was removed from service effective February 1, 1994. He appealed to the Merit Systems Protection Board pursuant to 5 U.S.C. Sec. 7512. The removal was affirmed by the Initial Decision of Administrative Law Judge Dupree P. Heard on June 17, 1994. The Board declined to review the Initial Decision, consequently that decision became final by Order dated September 19, 1994