73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Dennis F. FUIMAONO, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 95-3359.
 United States Court of Appeals, Federal Circuit.
 Dec. 11, 1995.
 
 Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Dennis F. Fuimaono petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SF-0752-94-0338-I-1, sustaining his removal from the Department of Transportation's Office of the Inspector General. We affirm.
 
 BACKGROUND
 
 2
 Fuimaono was a criminal investigator in the Office of Inspector General. After receiving telephone charges of $1435 for calls made from Fuimaono's office to American Samoa, the Office of Inspector General began investigating Fuimaono, who was the only person in the office from American Samoa. Fuimaono admitted making the calls, but he claimed they were made as part of his official duties. Several of the calls, he asserted, were made to a confidential informant as part of an agency investigation. When he was asked to name the informant, however, Fuimaono refused.
 
 
 3
 At an interview on October 14, 1993, the agency granted Fuimaono immunity from the use of his statements in any criminal prosecution, thereby removing his Fifth Amendment privilege not to respond. Fuimaono was then ordered by his superior to answer questions regarding the investigation or face removal. Fuimaono again refused to name the informant, and he likewise refused to answer any other questions regarding the investigation. Fuimaono was charged with insubordination based on his refusal to comply with an order to answer questions concerning his official duties, and he was subsequently removed from his position with the agency.
 
 DISCUSSION
 
 4
 Fuimaono first argues that the agency's charge of insubordination was arbitrary and retaliatory. He asserts that the identity of the informant was unrelated to the investigation into whether the telephone calls were personal or official. Accordingly, he contends that the agency's insistence on obtaining the name of the informant was arbitrary and was part of a scheme to retaliate against him for his failure to cooperate in the investigation of his telephone calls to American Samoa.
 
 
 5
 The record rebuts Fuimaono's contentions. After Fuimaono claimed that all of his calls were official and that some of them were made to an informant, the identity of the informant became an issue in the telephone call investigation, and the inquiry into the identify of the informant was thus not arbitrary. Contrary to Fuimaono's contention, the administrative investigation into the misuse of the telephone was still pending at the time the agency demanded that he reveal the informant's identity. And there is no force to Fuimaono's argument that because the agency might have pursued other leads in its investigation of the telephone misuse allegations, it was improper for it to insist on pursuing the question of the informant's identity. The identity of the informant was plainly material to the agency's investigation; Fuimaono offered no evidence to support his hypothesis that the inquiry into the informant's identity was pretextual and was the product of retaliatory animus against Fuimaono.
 
 
 6
 Fuimaono next contends that the Board's decision sustaining the charge of insubordination is not supported by substantial evidence. He argues that he did not "willfully and intentionally" refuse to respond, because he was confused as to whether he was required to respond, because he was forced to submit to the interview without counsel, and because he was concerned that someone in the agency might leak the informant's name and expose both Fuimaono and the informant to danger. The Board, however, considered each of those arguments and rejected them. The Board did not credit Fuimaono's testimony that he was confused, it found that he voluntarily declined legal representation at his interview, and it concluded that his asserted concern about possible leaks was unreasonable. Moreover, Fuimaono focuses almost entirely on his refusal to divulge the name of the confidential informant, while the charges against him included not only his refusal to answer that question, but also his refusal to answer any other questions relating to the telephone call investigation. Fuimaono's purported concern about revealing the informant's identity has no application to the other questions regarding the investigation that he refused to answer. Substantial evidence thus supports the Board's conclusion that Fuimaono was guilty of insubordination for his recalcitrance in response to proper agency questioning on October 14, 1993.
 
 
 7
 Finally, Fuimaono argues that the penalty of removal is unreasonable. On the issue of the appropriateness of the penalty imposed by an employing agency, this court's review is highly deferential. See Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987). Refusal to cooperate in an agency investigation of abuse of office after criminal immunity has been granted is a serious offense. See Weston v. United States Dep't of Hous. & Urban Dev., 724 F.2d 943, 950 (Fed.Cir.1983). The offense is especially serious when committed by an employee holding a sensitive position of trust as a criminal investigator with an agency inspector general's office. We find no abuse of discretion in the agency's decision that Fuimaono's misconduct was serious enough to warrant termination.