78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lee E. SWINDLE, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 95-3779.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lee E. Swindle petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SF-0752-94-0103-I-1, affirming his removal from a civilian position with the Department of the Navy. We affirm.
 
 BACKGROUND
 
 2
 Swindle was a Lead Purchasing Agent employed by the Department of the Navy. After two contractors reported that Swindle was engaged in fraudulent activities with one Anthony Scott, the Naval Investigative Service (NIS) opened an investigation. In the course of the investigation, Scott told the investigators that Swindle had solicited payments in return for the award of contracts to Scott's company, Western Aircraft Components Distribution. When the NIS confronted Swindle with the allegation, Swindle initially denied knowing Scott. Upon further investigation, however, the NIS learned that the two men had served together as shipmates in the Navy and that they were socially acquainted.
 
 
 3
 On September 17, 1992, Swindle took a polygraph examination as part of the NIS investigation. A polygraph expert concluded from the test results that Swindle had engaged in deception when he was questioned about the alleged solicitation of payments from Scott. Immediately after the polygraph examination, Swindle volunteered that in 1988 Scott had offered to make payments to him in return for the award of contracts to Scott's company, but he said that he had not accepted the offer. When the investigators sought to inquire further into that incident, Swindle terminated the interview.
 
 
 4
 The NIS investigators concluded that Swindle had solicited payments from Scott, as Scott alleged. Based on the results of the investigation, the Navy proposed to remove Swindle. He responded by disputing the investigators' findings. In particular, he claimed that Scott's statements were motivated by his desire to shield his own irregular business practices from investigation. Despite Swindle's denials, the Navy removed him on October 22, 1993. He then appealed the Navy's decision to the Board.
 
 
 5
 An administrative judge held an evidentiary hearing at which the Navy presented the NIS investigation report and the testimony of the two NIS investigators. Swindle did not testify. The administrative judge subsequently issued a decision upholding Swindle's removal. Swindle then filed an action for judicial review in the United States District Court for the Southern District of California. Because Swindle did not allege any illegal discrimination, however, the district court ruled that it lacked jurisdiction, and it transferred the case to this court pursuant to 28 U.S.C. § 1631.
 
 DISCUSSION
 
 6
 Swindle maintains that he never sought or accepted any payment from Scott. According to Swindle, Scott made his accusations in order to protect his own questionable business practices from closer scrutiny. The administrative judge found that argument implausible, because making accusations against others would not have the effect of shielding Scott from the NIS investigation. In addition, the administrative judge found Swindle's credibility to be substantially undermined by his false denial that he knew Scott.
 
 
 7
 After weighing all the evidence, the administrative judge determined that the agency had shown that it was more probable than not that Swindle solicited a payment from Scott. We conclude that there is substantial evidence in the record to support the administrative judge's determination, and we therefore uphold the Board's ruling.
 
 
 8
 In addition to challenging the sufficiency of the evidence, Swindle argues that the administrative judge improperly relied on his failure to report to the Navy the alleged 1988 bribe offer by Scott that Swindle revealed during his interview with the NIS investigators. Swindle argues that the administrative judge improperly relied on a statute that was not in force at that time to impose on him an obligation to report the alleged bribe offer. While it is true that the Federal Procurement Policy Act, to which the administrative judge made reference, was not in effect at the time of the alleged 1988 bribe offer, the deciding official in Swindle's case and the administrative judge both regarded Swindle's failure to report the bribe offer as evidence bearing on his credibility. We agree that Swindle's failure to report what would have been a criminal act by Scott bears on his credibility. Swindle's failure to report the incident suggests either that Swindle lacked sensitivity to the seriousness of bribery in the procurement process, or that he made up the 1988 incident in order to buttress his claim that Scott was corrupt and was pointing the finger at Swindle in order to save himself.
 
 
 9
 Finally, Swindle argues that removal was not an appropriate penalty for the offense with which he was charged. The administrative judge, however, found that the charge had a nexus to Swindle's performance of his responsibilities as a Lead Purchasing Agent for the Navy. Moreover, the administrative judge found that the penalty selected by the agency was within the bounds of reasonableness. This court will not upset a decision of the Board upholding an agency's selection of a penalty for employee misconduct "unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987) (citing authorities).
 
 
 10
 That exacting standard for reversal has not been met here. Solicitation of a bribe is a very serious offense for a government procurement officer, which goes to the heart of the integrity of the procurement process. Based on Swindle's authority to commit government funds and the independence of his position, the administrative judge permissibly found that Swindle's 13 years of Federal service did not outweigh the seriousness of his misconduct. Finding no reversible error in the Board's decision, we affirm the Board's order.