78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ann M. SHACKLEFORD, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 95-3808.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1996.
 
 Before NEWMAN, MAYER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ann M. Shackleford petitions for review of an initial decision of the Merit Systems Protection Board, No. AT0432930204-I-2 (Sept. 13, 1993), affirming the Air Force's decision to remove her for unacceptable performance from her secretarial position at Tyndall Air Force Base in Florida, effective December 18, 1992. This decision became final on August 8, 1995, when the board failed to agree on the proper disposition of Shackleford's petition for review.* We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 3
 Shackleford for the most part takes issue with the board's factual findings, arguing that the agency's performance standards were subjective and therefore invalid; that her work was fully successful during the relevant time period; and that she was improperly placed on a performance improvement period. Contrary to Shackleford's allegations, however, the record supports the board's findings that she was warned that she would be placed on a performance improvement period if her work did not improve; that the performance standards applicable to her complied with the requirements of 5 U.S.C. § 4302 and were articulated to her both orally and in writing several times; and that her performance continued to be unacceptable in at least one critical element.
 
 
 4
 Nor do we agree with Shackleford that she was not given a reasonable opportunity to improve as required by 5 U.S.C. § 4302(b)(6) because of computer system deficiencies during her performance improvement period. The administrative judge heard testimony from Shackleford, her supervisor, and other relevant parties, and concluded that Shackleford would have told someone if she really thought that the equipment problems contributed to her inability to improve her performance. In reaching this and other conclusions, the administrative judge weighed all of the evidence and made the credibility determinations that were within her province and are "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Thus, we uphold the board's findings as supported by substantial evidence on the record as a whole. Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987).
 
 
 5
 We have considered Shackleford's other arguments, and conclude they are without merit.
 
 
 
 *
 The board members disagreed over whether Shackleford had shown good cause for the untimely refiling of her petition for review