Edwin J. BOWDEN, Petitioner,

v.

DEPARTMENT OF VETERANS
AFFAIRS, Respondent.

No. 00-3443.

United States Court of Appeals,
Federal Circuit.

April 5, 2001.

Before MAYER, Chief Judge, LOURIE,
and BRYSON, Circuit Judges.

PER CURIAM.

Edwin J. Bowden seeks review of the
June 22, 2000, decision of the Merit Systems Protection Board, Docket No.
CH0752990409–I–2, sustaining the decision
of the Department of Veterans Affairs removing Bowden from his position as a
carpenter with the Dayton Veteran's Administration Medical Center in Dayton,
Ohio, for unacceptable conduct. The initial decision of the administrative judge
became the final decision of the board on
July 26, 2000. We *affirm.*

We may only set aside a decision of the
board when it is "(1) arbitrary, capricious,
an abuse of discretion, or otherwise not in
accordance with law; (2) obtained without
procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C.
§ 7703(c) (1994).

The agency has the burden of proving
charges by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B) (1994).
Bowden was removed for disrespectful
conduct, using obscene language and
threatening an agency employee. Specifically, he was alleged to have made two
phone calls to Brenda Coldwell, an agency
employee, and one phone call to his ex-wife, Hazel Bowden Miller, also an agency
employee, in which he engaged in the
charged conduct. In addition, Bowden
was alleged to have made disrespectful,
obscene, and threatening statements to

James Parrott, the Chief of Police and Security at the medical center.

In sustaining the charges, the administrative judge examined the sworn affidavits of Coldwell, Miller and Parrott, and the unsworn general denial by Bowden. The administrative judge properly considered the relevant factors in weighing the credibility of each witness and whether a reasonable person would find Bowden's statements threatening. *See Metz v. Dep't of the Treasury*, 780 F.2d 1001, 1004 (Fed. Cir.1986). Consequently, he found that the charges were proved by a preponderance of the evidence. Credibility determinations are virtually unreviewable on appeal, *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986), and the administrative judge's findings and conclusions are supported by substantial evidence.

To sustain an adverse action, an agency additionally must prove that the disciplinary action promotes the efficiency of the service. 5 U.S.C. § 7513(a) (1994). In this regard, the Department of Veterans Affairs had to show that a nexus existed between the charged conduct and the efficiency of the service. There is a direct connection to the efficiency of the service because the telephone calls were made to Coldwell, Miller and Parrott while they were at work. *See Parker v. United States Postal Serv.*, 819 F.2d 1113, 1116 (Fed.Cir.1987). In addition, threatening employees and using obscene language have a direct negative effect on the efficiency of the service.

Finally, penalty decisions are judgment calls best left to the discretion of the employing agency, and the presumption is that the government officials have acted in good faith. *See Gonzales v. Defense Logistics Agency*, 772 F.2d 887, 889 (Fed.Cir.1985). We "will not disturb a penalty unless it exceeds the range of permissible punishment or is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Id.* (citation omitted). Here the administrative judge determined that the Department of Veterans Affairs properly considered the relevant factors, including Bowden's past disciplinary record and potential for rehabilitation. He concluded that the penalty was within the tolerable limits of reasonableness. We discern no abuse of discretion.