NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3227

CAROL A. RAXTER,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

Carol A. Raxter, of Battle Ground, Washington, pro se.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director and Donald E. Kinner, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3227

CAROL A. RAXTER,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

_____

DECIDED: September 10, 2007

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN, and MOORE <u>Circuit Judges</u>.

PER CURIAM.

Carol A. Raxter appeals the final decision of the Merit Systems Protection Board (Board), which found that the Department of Labor (Labor) did not violate the terms of a January 18, 2005 settlement agreement between Raxter and Labor. <u>See</u> <u>Raxter v. Dep't of Labor</u>, SF0432050094-C-1 (Oct. 23, 2006). Because substantial evidence supports the Board's conclusion that Raxter failed to establish a breach of the agreement, we <u>affirm</u> the Board's denial of Raxter's petition.

BACKGROUND

Raxter is an economic assistant with the Bureau of Labor Statistics. On October 29, 2004, Raxter appealed Labor's decision to remove her from that position. Raxter

and Labor agreed to resolve that appeal and consummated a settlement agreement. That agreement was ultimately incorporated into the Board's order dismissing the 2004 appeal. See Raxter v. Dep't of Labor, SF0432050094-I-1 (Dec. 14, 2004). One of the terms of the settlement agreement was that Labor "[t]ransfer Appellant to a supervisor other than Marilyn Marshall."

Raxter filed a petition for enforcement of the settlement agreement on August 8, 2006. She contended that Labor did not transfer her to another supervisor. Although Labor contended that Raxter was assigned to work under the supervision of a Mr. Pinkstaff, Raxter contended that Marshall was still supervising her. Raxter attempted to support her position by pointing to (1) a discussion between Pinkstaff and Marshall in which Pinkstaff sought advice for dealing with a "recalcitrant employee;" and (2) Raxter had received a deadline extension from Marshall on one occasion when Pinkstaff was on sick leave.

The Board concluded that Labor was in compliance with the settlement agreement. The Board found that Raxter's supervisor at all times relevant to the appeal was Pinkstaff. Raxter even admitted that he was her supervisor of record during the relevant period. Therefore, the Board denied Raxter's petition for enforcement. Raxter appeals that decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

Our review of Board decisions is limited by statute. The Board's decision must be affirmed unless it is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2006).

Settlement agreements are contracts, and its construction presents a question of law that this court reviews <u>de novo</u>. <u>See</u> <u>Connant v. Off. Of Pers. Mgmt.</u>, 255 F.3d 1371, 1376 (Fed. Cir. 2001). The question of whether there has been a material breach of a settlement agreement is a mixed question of law and fact. <u>See</u> <u>Gilbert v. Dep't of Justice</u>, 334 F.3d 1065, 1071 (Fed. Cir. 2003). We review the Board's factual findings for substantial evidence. <u>See</u> <u>Parker v. United States Postal Serv.</u>, 819 F.2d 1113, 1115 (Fed. Cir. 1987).

On appeal, Raxter contends that Marshall is still acting as her supervisor. Raxter repeats the same arguments the Board addressed below. Additionally, Raxter points to certain documents, which were not part of the record before the Board, as further evidence that Marshall was acting as her supervisor contrary to the terms of the settlement agreement. Raxter appears to have obtained those documents in response to a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), Pub. L. No. 89-554, after the Board denied her petition.[1]

The Board found that Pinkstaff was Raxter's supervisor. Although Pinkstaff sought advice from Marshall and Marshall approved Raxter's request for an extension of time to complete a work assignment while Pinkstaff was on leave, this is insufficient to overcome the Board's finding that Pinkstaff—not Marshall—was Raxter's supervisor. Thus, Raxter failed to meet her burden of proving a material violation of the terms of the

---

[1]    Our jurisdiction is limited to reviewing evidence of record before the Board. <u>See</u> 5 U.S.C. § 7703(c) ("In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record . . . ."). Congress has not permitted us, a court of appeals with limited jurisdiction—to engage in fact-finding in the first instance on appeal. Therefore, we do not consider Raxter's alleged evidence. Moreover, Raxter has not shown why the documents she obtained in response to her FOIA request were not requested during discovery before the Board.

settlement agreement. Because substantial evidence supports the Board's denial of Raxter's petition for enforcement, we affirm.

## COSTS

Each party shall bear its own costs.