73 F.3d 381
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Frank A. PENCOOK, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3523.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1995.
 
 Before RICH, Circuit Judge, NIES, Senior Circuit Judge, and PLAGER, Circuit Judge.
 NIES, Senior Circuit Judge.
 
 
 1
 Frank A. Pencook appeals the Merit Systems Protection Board's April 5, 1995, final decision, Docket No. SL-0752-94-0294-I-1, in which the full Board (1) denied Pencook's motion to dismiss the Agency's petition for review on the basis of the Agency's alleged failure to comply with an interim relief order; and (2) affirmed the AJ's initial decision, as modified, to sustain Pencook's removal. We affirm.
 
 BACKGROUND
 
 2
 Pencook, who had been serving as Postmaster in Albert City, Iowa, was detailed as an Officer-in-Charge to the post office in Laurens, Iowa. Although Pencook initially drove his privately-owned vehicle to and from Laurens, he began making the commute to Laurens at no cost to himself in the van of a Star Route driver, who was reimbursed by the Agency for his mileage.
 
 
 3
 The Postal Inspection Service received an anonymous tip that Pencook, although commuting with a Star Route driver, was requesting reimbursement for mileage. During an investigation, inspectors observed Pencook riding in the Star Route van between the post office in Albert City and the post office in Laurens. On at least four separate occasions--October 28, November 10, November 29, and December 14, 1993--Pencook sought reimbursement for mileage, submitting vouchers on which he had entered odometer readings from his car which he admitted were fabricated. Pencook requested and received reimbursements totalling $210, which he later repaid upon being advised he was not entitled to reimbursement.
 
 
 4
 The agency placed Pencook on administrative leave pending further investigation and issued a notice of proposed removal on February 14, 1993. The proposed action was based on the sole charge of falsely claiming reimbursement for mileage. Pencook responded to the notice through his representative. Thereafter, the Agency issued a Letter of Decision removing Pencook effective April 2, 1994.
 
 
 5
 Pencook appealed his removal to the Board. The AJ sustained the charge, but mitigated the penalty to a reduction-in-grade (to either a distribution clerk or a regular mail handler). The AJ concluded the penalty of removal did not promote the efficiency of the service because it was excessively severe. The AJ also ordered the Agency to provide Pencook with interim relief if a petition for review were filed. Pencook and the Postal Service both petitioned for review.* Review was granted, and the full Board issued its decision, affirming the Agency's removal.
 
 DISCUSSION
 
 6
 Our review of the Board's decision is limited to determining whether the decision below was: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 7
 On appeal, Pencook first alleges error in the Board's failure to dismiss the Agency's petition for review. Pencook argues the agency violated 5 CFR Sec. 1201.115(b)(2) when it failed to give notice to Pencook and the AJ of its determination that returning Pencook to work would be "unduly disruptive," and when the Agency failed to provide prima facie evidence of compliance with the interim relief order.
 
 
 8
 The record, however, refutes Pencook's contentions. With its petition for review, the Agency filed: (1) a declaration by Ms. Lengenfelser, Appeals Specialist, which stated (a) that returning Pencook to work would violate collective bargaining agreements and, therefore, cause an undue hardship on the agency; and (b) that Pencook had been placed on administrative leave and that a payroll adjustment for retroactive compensation had been made; (2) a letter from Mr. Shipman, Mgr. of Human Resources, stating that Pencook would be placed on administrative leave until a decision on the petition; and (3) a copy of the pay adjustment. Substantial evidence supports the Board's finding that the Agency complied with the interim relief order. We agree with the Board that the Agency's failure to give proper notice of its determination that returning Pencook to work would be unduly disruptive is an insufficient basis, in light of the substantial evidence identified above, to conclude the Agency did not comply. In short, Pencook received all to which he was entitled.
 
 
 9
 Pencook further argues that the Board erred in reinstating the penalty of removal because removal was, in light of all of the mitigating factors, grossly disproportionate to the offense. We disagree. Under our deferential review, a penalty determination by an Agency will be upheld so long as it does not amount to an abuse of discretion. Parker v. United States Postal Service, 819 F.2d 1113 (Fed.Cir.1987). The sustained charge here is a serious one which diminishes Pencook's honesty and integrity. Furthermore, as noted by the Board, Pencook, as a Postmaster, held a position of trust and responsibility and can be held to a higher standard of conduct. The Board's decision to reinstate the penalty of removal was neither arbitrary, capricious, nor an abuse of discretion.
 
 
 
 *
 Pencook later withdrew his petition