En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| COMISIONADO DE SEGUROS DE P.R.<br>     Demandante-recurrido<br><br>     .V<br><br>ANTILLES INSURANCE CO.<br><br>     Demandada-peticionaria | Certiorari<br><br>TSPR98-39 |

Número del Caso: CC-98-480

Abogados Parte Peticionaria: Lic. Ramón A. Cancio
Lic. Carlos R. Ríos Gautier
(Bufete Carlos R. Ríos Gautier)

Abogados Parte Recurrida: Hon. Carlos Lugo Fiol
Procurador General

Lic. Carmen Martínez Ortiz
Procuradora General Auxiliar

Abogados de la Oficina del Comisionado de Seguros: Lic. Ruth Martínez

Tribunal de Instancia: Superior, Sala de San Juan

Juez del Tribunal de Primera Instancia: Hon. Angel G. Hermida

Tribunal de Circuito de Apelaciones: Circuito Regional de San Juan

Juez Ponente: Hon. Aponte Jiménez

Fecha: 4/2/1998

Materia: Viol. al Art. 27.162 del Código de Seguros de P.R.

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Comisionado de Seguros
de Puerto Rico

    Demandante-Recurrido

       v.                           CC-96-480         Certiorari

Antilles Insurance Company

    Demandado-Peticionario

Opinión del Tribunal emitida por el Juez Presidente, señor Andréu García

San Juan, Puerto Rico a 2 de abril de 1998

Recientemente interpretamos el alcance del artículo 27.162 del Código de Seguros de Puerto Rico, 26 L.P.R.A. 2716 (b), resolviendo que el término de 90 días dispuesto por el mismo para "la investigación, ajuste y resolución" de reclamaciones comienza a contar desde la presentación original de la reclamación por parte de un asegurado. <u>Comisionado de Seguros de Puerto Rico</u> v. <u>General Accident Insurance Co.</u>, 93 JTS 10, del 28 de enero de 1993. En esta ocasión nos corresponde resolver el alcance de la frase "investigación, ajuste y resolución", según es usada en ese mismo artículo.

I

El 5 de julio de 1994, la parte peticionaria, Antilles Insurance Company (Antilles), recibió dos reclamaciones de la asegurada G. P. Industries, por hechos ocurridos el 10 y 15 de junio de 1994, las cuales estaban relacionadas con daños a un vehículo de su propiedad asegurado por Antilles. (Reclamaciones núms. 928-94 y 929-94). Tras realizar las investigaciones correspondientes, el 21 de julio de 1994 (16 días después de presentadas las reclamaciones), Antilles le remitió a G. P. Industries "una Carta de Pago y Subrogación" por las cantidades de $156.28 y $189.84, como ajuste de cada una de las reclamaciones. En esa misma fecha también le envió una "Carta de Pago y/o Relevo" para cada reclamación, informándole a la asegurada que tan pronto fueran firmadas y devueltas a su oficina le remitiría los pagos correspondientes a los ajustes. Pasado casi un mes y medio desde su primera comunicación y sin haber recibido ninguna de las Cartas de Pago y/o Relevo, el 8 de septiembre de 1994 Antilles le envió a G. P. Industries otra carta requiriéndole que firmara y devolviera las "Cartas de Pago y/o Relevo" para así proceder con el pago de las reclamaciones.

El 10 de octubre de 1994, habiendo ya expirado los 90 días que dispone el artículo 27.162 para la resolución de reclamaciones sin que G. P. Industries le hubiera devuelto las cartas enviadas, Antilles solicitó al Comisionado de

Seguros que le concediera una prórroga para la "investigación, ajuste y resolución" de cada una de las reclamaciones en cuestión. Los días 21 y 29 de octubre de 1994, el Comisionado de Seguros emitió dos órdenes[1] mediante las cuales le concedió a Antilles veinte (20) días para resolver las reclamaciones pendientes y le impuso dos multas administrativas de $400.00 cada una por no haber resuelto las reclamaciones de G.P. Industries dentro del término ordenado por el Código de Seguros. Finalmente, el 9 de noviembre de 1994 y el 29 de marzo de 1995, G. P. Industries devolvió las cartas correspondientes a las reclamaciones números 929-94 y 928-94, respectivamente. Al día siguiente de recibir cada una de ellas, Antilles expidió los cheques en pago de las reclamaciones.

Ante el Comisionado de Seguros Antilles solicitó reconsideración de las sanciones impuestas y una vista administrativa que se celebró posteriormente. El 22 de abril de 1995 el Comisionado de Seguros emitió resoluciones en los casos C-94-496 y C-94-517 en las que ratificó las multas impuestas. Presentada oportunamente una moción de reconsideración, la misma fue declarada "No Ha Lugar" mediante resolución dictada el 16 de julio de 1995. Inconforme, Antilles interpuso recurso de revisión ante el Tribunal de Primera Instancia, Sala Superior de San Juan,

---

1. Se siguieron procedimientos separados para cada

el cual denegó la expedición del auto solicitado.  De tal

denegatoria recurrió Antilles ante el Tribunal de Circuito

de Apelaciones, cuyo foro dictó una sentencia revocando el

dictamen emitido por el Tribunal de Primera Instancia.  De

la misma solicitó reconsideración el Comisionado de

Seguros, la cual fue acogida por el Tribunal en su

sentencia del 10 de octubre de 1996, confirmando la

sentencia del Tribunal de Primera Instancia.

Antilles recurrió ante este Tribunal planteando la

comisión de los siguientes errores:

> "(1)  El Tribunal de Circuito de Apelaciones erró
> al aplicar a la peticionaria una regla sobre la
> investigación, ajuste y resolución de la
> reclamación de su asegurada que no se desprende
> con claridad de lo dispuesto en el Artículo
> 27.162(1) del Código de Seguros y que es
> contraria a la intención legislativa conforme al
> historial de dicho artículo según fue decidido
> por este Honorable Tribunal en el caso de
> Comisionado de Seguros v. General Accident
> Insurance Co., 93 JTS 10.
>
> (2)  El Tribunal de Circuito de Apelaciones erró,
> además, al sostener las multas impuestas a la
> peticionaria por el Comisionado de Seguros a
> pesar de que las mismas constituyen una penalidad
> que no debe imponerse cuando la regla en que se
> apoya no surge con claridad del estatuto y este
> es además ambiguo, sin que la letra del Artículo
> 27.162(1) concuerde con la intención legislativa.

Ambas partes en este caso están de acuerdo en que para

cumplir con  el artículo 27.162(1) del Código de Seguros[2]

---

reclamación.  (Casos núms. C 94-496 y C 94-517)
    [2] El artículo 27.162 del Código de Seguros dispone en lo
pertinente:

la aseguradora a la que se le presenta una reclamación tiene que hacer la investigación pertinente a los hechos por los cuales se reclama, notificar al asegurado el ajuste o valorización de la pérdida y resolver la reclamación dentro del término máximo de 90 días desde la presentación de la reclamación. Pero en cuanto a esta última etapa, la resolución de la reclamación, las partes no han alcanzado un consenso.    Por un lado, el Comisionado de Seguros sostiene que la resolución no se logra con la mera notificación escrita de una oferta al asegurado.    Es necesario que se obtenga la aceptación escrita del asegurado a esta oferta.    (Escrito Para Mostrar Causa a la página 6).    Por otro lado, Antilles plantea que la resolución se logra una vez el asegurador notifica al asegurado el ajuste de la reclamación, desde luego, tras haberlo discutido con el asegurado conforme a la costumbre

---

(1) La investigación, ajuste y resolución de cualquier reclamación se hará en el período razonablemente más corto dentro de los primeros cuarenta y cinco (45) días después de haberse sometido al asegurador todos los documentos que fueren necesarios para disponer de dicha reclamación. Sólo cuando medien causas extraordinarias se podrá extender ese primer período, pero tal extensión nunca podrá exceder del término de noventa (90) días desde la fecha de la reclamación. En aquellos casos en que el asegurador necesite un término adicional a los noventa (90) días, deberá así solicitarse por escrito al Comisionado, veinte (20) días antes del vencimiento de esos noventa (90) días, debiendo también notificarse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está debidamente justificada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera.

prevaleciente en la industria y sujeto a que no incurra en alguna de las prácticas desleales enumeradas en el artículo 27.161 del Código de Seguros, 26 L.P.R.A. 2716 a. (Petición de Certiorari a la página 10).

III

Al examinar el historial legislativo del artículo 27.162 del Código de Seguros de Puerto Rico, en <u>Comisionado de Seguros</u> v. <u>General Accident</u>, supra, sostuvimos:

> ...surge claramente que la intención legislativa fue establecer **un límite máximo de tiempo dentro del cual debían ajustarse las reclamaciones** para conjurar la dilación o inacción de parte de los aseguradores y otros sectores de la industria del seguro, dilación o inacción que para esa época presentaba un problema serio a los asegurados. Ese límite máximo era el término de 90 días, contados a partir de la fecha en que se sometía la reclamación del asegurador.  93 JTS a las págs. 10333 B 10334. (Énfasis en el original.)

Interpretar que el término establecido por este artículo requiere que el asegurado haya prestado su consentimiento **escrito** a la oferta notificada por el asegurador antes de que se entienda resuelta su reclamación nada aporta a esta intención.  Lo que se pretende con esta pieza legislativa es que las empresas aseguradoras sean diligentes en la tramitación de reclamaciones, para así proteger a los asegurados de la mala fe y dilación de los aseguradores.   Por esta razón, **cuando es la propia inacción y dejadez del asegurado lo que impide la resolución final de una reclamación, no podemos, tal como**

**pretende el Comisionado de Seguros, sostener la imposición de sanciones a una empresa aseguradora que ha actuado con diligencia y buena fe en el cumplimiento de aquellos pasos que están a su alcance.** Por tanto, resolvemos que una reclamación se entiende resuelta una vez la empresa aseguradora notifica a su asegurado el ajuste final de la reclamación que le fue presentada. Claro que para que se entienda hecha la notificación, la oferta de la aseguradora tiene que ser una razonable, cuestión que, en caso de controversia entre las partes, resolverá el Comisionado de Seguros de Puerto Rico. De resolver éste que la oferta hecha por la aseguradora es una irrazonable, no se entenderá que la aseguradora ha cumplido con su responsabilidad.

Al llegar a esta determinación tomamos en cuenta las normas de revisión judicial que prevalecen en el campo del Derecho Administrativo, tanto en cuanto a la revisión de conclusiones de derecho como en cuanto a la revisión de la facultad de imponer sanciones. Respecto a la primera, la Ley de Procedimiento Administrativo Uniforme, en su sección 4.5, 3 L.P.R.A. 2175, establece que los tribunales podrán revisar las conclusiones de derecho en todos sus aspectos. No obstante, como regla general los tribunales le reconocen gran peso y deferencia a las interpretaciones hechas por la agencia administrativa encargada de poner en vigor una

legislación, salvo en aquellas situaciones en que la interpretación administrativa resulta irrazonable e inconsistente con el propósito legislativo, afecta derechos fundamentales o conduce a la comisión de injusticias. Calderón et al v. Adm. De los Sistemas de Retiro, 92 JTS 21, del 26 de febrero de 1992. Véanse también: Demetrio Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Editorial Forum, 1993, páginas 5044-550; De Jesús v. Dpto. de Servicios Sociales, 123 D.P.R. 407 (1989), Srio. D.A.C.O. v. Junta de Condómines, 121 D.P.R. 807 (1988) y otros.

Como ya hemos señalado, en este caso no podemos brindar deferencia a la interpretación hecha por el Comisionado de Seguros. A pesar de que en Comisionado de Seguros v. General Accident, supra, reconocimos que es este funcionario el encargado de poner en vigor la ley en cuestión y que fue el mismo Comisionado de Seguros quien la promovió, la interpretación que ha adoptado en esta ocasión resulta ser irrazonable e inconsistente con los propósitos expuestos. 93 JTS a la pág. 10334.

Respecto a la revisión de la facultad de imponer sanciones, los tribunales también le han reconocido mucha discreción a las agencias administrativas en la selección de las medidas que le ayuden a cumplir los objetivos de las leyes cuya administración e implantación se les ha

delegado, siempre que actúen dentro del marco de su conocimiento especializado y de la ley.[3] En estos casos la revisión judicial no será para determinar si la sanción impuesta guarda proporción con la conducta por la cual se impone la sanción ni si la sanción es demasiado fuerte. Esta evaluación corresponde hacerla a la propia agencia, quien por su experiencia especializada es la que está en mejor posición para conocer los efectos de una violación a los intereses protegidos y cuya agencia, al mismo tiempo, asegura cierto grado de uniformidad y coherencia en la imposición de sanciones. Kulkin v. Bergland, 626 F.2d 181 (1er Cir. 1980). En estos casos, la revisión judicial se limitará a evitar que las agencias actúen en forma ilegal, arbitraria, en exceso de lo permitido por ley o en ausencia de evidencia sustancial que justifique la medida impuesta, de modo que se evidencie una actuación caprichosa o en

---

[3] Por ejemplo, en el ámbito federal el Tribunal Supremo de los Estados Unidos estableció la siguiente norma de revisión: "The fashioning of an appropriate and reasonable remedy is for the Secretary, not the court. The court may decide only whether under the pertinent statute and relevant facts, the Secretary made "an allowable judgement in (his) choice of remedy"". Butz v. Glover Live Stock Co., 411 U.S. 182, 188-189 (1973). De modo que si la decisión administrativa está basada en evidencia sustancial, no es ultra vires y, además, guarda un nexo razonable con la conducta que se quiso prohibir, los tribunales brindarán deferencia a la medida impuesta por las agencias. Véanse además B. Schwartz, Administrative Law, Sec. 10.21, págs. 663-665 (3ra ed. 1991); Com. Of Mass., DPW v. Secretary of Agriculture, 984 F.2d 514 (1st Cir. 1993); Parker v. U.S. Postal Service, 819 F.2d 1113 (1987).

abuso de discreción por parte de la agencia. <u>Associated Insurance Agencies, Inc</u>. v. <u>Comisionado de Seguros de Puerto Rico</u>, Opinión del 26 de noviembre de 1997, 97 J.T.S. 142. Véase también <u>Fernández Quiñones</u>, obra citada, a las páginas 414-423, 503-505 y 520-524; <u>Com. of Mass., DPW v. Secretary of Agriculture</u>, 984 F.2d 514 (1st Cir. 1993); <u>Ferguson v. U.S. Department of Agriculture</u>, 911 F.2d 1273 (8$^{vo}$ Cir. 1990); y <u>Parker v. U.S. Postal Service</u>, 819 F.2d 1113 (Fed. Cir. 1987).

En este caso procede que revoquemos la sanción impuesta por el Comisionado de Seguros por la inexistencia de evidencia que la justifique, y más aun cuando consideramos que la agencia de seguros Antilles fue diligente en la tramitación de las querellas que le fueron presentadas por G.P. Industries y que cualquier dilación en el pago de dichas reclamaciones se debió a la inacción de su asegurada.

IV

A los dieciséis (16) días de haber recibido en sus oficinas las reclamaciones de G. P. Industries, Antilles le envió a su asegurada las "Cartas de Pago y Subrogación" y "Cartas de Pago y/o Relevo" en las que le indicaba el ajuste final de las reclamaciones y el paso a seguir para que fueran expedidos los pagos correspondientes. Le tocaba entonces a G. P. Industries el próximo paso: firmar las cartas y devolverlas a Antilles para que ésta le pagara el ajuste. No obstante, ante la inacción de su asegurada, Antilles le envió una segunda notificación recordándole la necesidad de firmar y devolver los referidos documentos. La buena fe de Antilles por resolver esta reclamación también se hizo evidente cuando solicitó al Comisionado de Seguros una prórroga, aún cuando ya había cumplido oportuna y razonablemente con su obligación.

Debe quedar claro, sin embargo, que el dictamen al cual hemos llegado en este caso no sería de aplicación a aquellos casos en los cuales la aseguradora hace una oferta que no es razonable y el asegurado se ve en la necesidad de rechazar lo ofrecido, creándose de este modo una disputa que da lugar a que se demore la resolución de la reclamación. Por tal motivo, en tales casos se justificaría la imposición de una sanción por el Comisionado.

No obstante, en el presente caso esa no fue la situación. Los hechos del caso de marras demuestran que la aseguradora actuó de buena fe; oportunamente hizo una oferta que finalmente fue aceptada por su asegurada. De hecho, la asegurada de nada se ha quejado ya que, como

bien indica Antilles, no tiene de que quejarse ya que fue su propia conducta la que produjo la demora por la que se multó a Antilles. Por tanto, tal multa no puede sostenerse.

Por las razones antes expuestas se dictará sentencia revocando la sentencia dictada por el Tribunal de Circuito de Apelaciones y en consecuencia, se dejarán sin efecto las resoluciones emitidas por el Comisionado de Seguros mediante las cuales impuso a la empresa aseguradora Antilles Insurance Company las referidas dos multas administrativas.

José A. Andréu García
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Comisionado de Seguros
de Puerto Rico

    Demandante-Recurrido

       v.                          CC-96-480          Certiorari

Antilles Insurance Company

    Demandado-Peticionario

SENTENCIA

    San Juan, Puerto Rico, a 2 de abril de 1998

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones y se dejan sin efecto las resoluciones emitidas por el Comisionado de Seguros mediante las cuales impuso a la empresa aseguradora Antilles Insurance Company, las referidas dos multas administrativas.

    Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río inhibido.

              Isabel Llompart Zeno
         Secretaria del Tribunal Supremo