NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JEFFREY A. RANDALL,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

_____

2016-1163

_____

Petition for review of the Merit Systems Protection Board in No. CH-0752-13-1797-I-1.

_____

Decided: June 13, 2016

_____

JEFFREY A. RANDALL, Columbus, OH, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC for respondent. Also represented by BENJAMIN C. MIZER, ROBERT KIRSCHMAN, JR., PATRICIA MCCARTHY.

_____

Before REYNA, PLAGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Jeffrey Randall appeals the Merit Systems Protection Board's decision that the Defense Finance and Accounting Service properly removed him from his position as a staff accountant. Because substantial evidence supports the Board's decision that Mr. Randall misused government funds and removal was an appropriate penalty, we affirm.

I

While working as a staff accountant with the Defense Finance and Accounting Service, Mr. Randall volunteered for the Service's Pandemic Response Group. Because Group members were to continue the Service's functions remotely if a pandemic occurred, they qualified for reimbursement for high speed internet in their homes. Mr. Randall submitted three reimbursement claims for internet services, totaling $1,529.56, which the Service paid. The underlying bills showed that internet service was provided at Mr. Randall's parents' address and billed to his father. Mr. Randall never directly forwarded the reimbursements to his father or the internet service provider. In September 2012, a Service accountant noticed the discrepancy between Mr. Randall's address on record and the address on the submitted bills. After further investigation, the Service removed Mr. Randall from service for misuse of agency funds.

Mr. Randall appealed to the Board, which issued its final decision on September 2, 2015. Mr. Randall petitions this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

We may set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5

U.S.C. § 7703(c). Before the Board will sustain an agency's decision to discharge an employee, the agency must establish by preponderant evidence that (1) the charged conduct occurred; (2) there is a "relationship between the misconduct and the objective of promoting the efficiency of the service"; and (3) the penalty imposed is reasonable. *James v. Dale,* 355 F.3d 1375, 1378 (Fed. Cir. 2004). Mr. Randall challenges adverse findings on all three prongs. Under our limited and highly deferential review, his arguments fail.

Here, the Board held that "[i]f, in connection with his job, an employee comes to possess government funds, he may be charged with misuse if he does not abide by agency rules and regulations regarding such funds." Resp. App'x (R.A.) 04. Mr. Randall argues that only a disbursing official can commit a misuse of agency funds. But Mr. Randall identifies no reason to limit misuse of funds claims to "disbursing officials." In fact, this court has before concluded that an employee who failed to apply a reimbursement to a charged expense could be found to misuse agency funds. *See, e.g., Allen v. United States Postal Serv.,* 466 F.3d 1065, 1069–70 (Fed. Cir. 2006).

Mr. Randall also argues that the Board erred by concluding that the Service's rules did not permit reimbursement for internet service at his parents' home. However, the Board premised its analysis on *Mr. Randall's* receipt of the Service's money for costs that *his father* paid for and that were never passed on to Mr. Randall, not where the internet services were provided. Even now, Mr. Randall concedes that his claims were "invalid" because he "didn't pay the bill directly, or pay his father." Pet. Br. at 13. Accordingly, substantial evidence supports the Board's decision finding misuse of funds.

On the second prong, Mr. Randall attacks the Board's finding that a nexus existed between his removal and the

Service's interests because he had volunteered for the position. An agency may remove an employee "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a); *Doe v. Dep't of Justice*, 565 F.3d 1375, 1379 (Fed. Cir. 2009). "Absent a mistake of law by the Board in selecting the proper test for analyzing the nexus requirement, which is not present here, we must uphold the Board's nexus finding if it is supported by substantial evidence." *Brown v. Dep't of the Navy*, 229 F.3d 1356, 1358–59 (Fed. Cir. 2000). The Board found that agency "officials emphasized that [Mr. Randall's] actions caused them to question his integrity and lose trust in him, particularly given his Accountant position with [the Service.]" R.A. 05. These record-supported findings constitute substantial evidence of a nexus.

Next, Mr. Randall challenges his penalty of removal. We defer to the agency "unless the penalty exceeds the range of permissible punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Parker v. United States Postal Serv.,* 819 F.2d 1113, 1116 (Fed. Cir. 1987) (internal quotation marks omitted). The Service permits removal for Mr. Randall's offense, and the deciding official, after considering the relevant factors under *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981), reasonably viewed Mr. Randall's actions as prioritizing his own financial gain. Because the agency's chosen penalty is not grossly disproportionate, the court must affirm the agency's decision.

## III

Mr. Randall's remaining arguments are unpersuasive. Because the Board rendered a final decision supported by substantial evidence and free from legal error, we affirm.

**AFFIRMED**

No costs.