**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROSS HENDERSON,
    Appellant,

  v.

DEPARTMENT OF HEALTH AND
 HUMAN SERVICES,
    Agency.

DOCKET NUMBER
DC-0752-14-0797-I-1

DATE: September 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kristin D. Alden, Esquire, Washington, D.C., for the appellant.

Christopher Tully, Esquire, Washington, D.C., for the agency.

Roman Lesiw, Esquire, Bethesda, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1   The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to:  (1) find that the agency established a nexus between the charges and the efficiency of the service; (2) incorporate the standards set out in the Board's decision in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), for the appellant's affirmative defenses of discrimination based on sex and retaliation for protected equal employment opportunity (EEO) activity; and (3) address the appellant's argument raised in his post-hearing brief below that the agency violated his due process rights, we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective May 16, 2014, the agency removed the appellant from his position as a Computer Scientist with the agency's National Institutes of Health (NIH) based on four charges: (1) inappropriate behavior towards his supervisor (two specifications); (2) failure to follow supervisory instructions (two specifications); (3) inappropriate behavior in the workplace (one specification); and (4) making false allegations (six specifications).  Initial Appeal File (IAF), Tab 5 at 21-26, 77-80.

¶3      Charge one (inappropriate behavior towards the appellant's supervisor) and charge two (failure to follow instructions) involved the appellant's inappropriate

interactions during a meeting with his supervisor, Dr. Y.H., on December 17, 2013. *Id.* at 77-78. The agency alleged that the appellant raised his voice, spoke aggressively to Dr. Y.H., slid his chair towards her, leaned in to approximately a foot and a half from her face, and refused to comply with Dr. Y.H.'s instructions to "get out of her face." *Id.* In charge three (inappropriate behavior in the workplace), the agency alleged that on the same day as the interactions with Dr. Y.H. at issue in charges one and two, the appellant became involved in a physical altercation with a coworker in his office, followed the coworker into the hallway, yelled inappropriate and vulgar comments and made obscene gestures. *Id.* at 78. In charge four (making false allegations), the agency alleged that the appellant made false allegations to his second-level supervisor and the agency's Employee Relations Branch that Dr. Y.H. had: (1) threatened to kill him; and (2) sexually harassed him on various occasions, including at the December 17, 2013 meeting at issue in charges one and two. *Id.* at 78‑79.

¶4      The appellant filed a Board appeal contesting his removal and raised affirmative defenses of discrimination based on sex (male), retaliation for protected EEO activity, whistleblower reprisal, and harmful procedural error. IAF, Tab 1 at 6-7, Tab 15 at 5, 20-31. After holding the requested hearing, the administrative judge found that the agency proved all of the charges and specifications. IAF, Tab 38, Initial Decision (ID) at 3-34; IAF, Tab 1 at 2. She found that the appellant failed to prove any of his affirmative defenses and that the penalty of removal was reasonable.[2] ID at 34-48.

---

[2] The administrative judge did not make any finding regarding whether the agency established a nexus between the charges and the efficiency of the service. *See* ID. However, the appellant's misconduct occurred at work, and it is well established that there is sufficient nexus between an employee's conduct and the efficiency of the service where the conduct occurred at work. *See Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987). Accordingly, we modify the initial decision to find that the agency proved a nexus between the charges and the efficiency of the service.

¶5     The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 4.[3]  The agency has responded in opposition to the petition for review, and the appellant has replied.  PFR File, Tabs 7-10.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved the charges.

¶6     On review, the appellant contests the administrative judge's finding that the agency proved charges one and two, arguing that the administrative judge erred in finding Dr. Y.H.'s hearing testimony to be more credible than his testimony.  PFR File, Tab 4 at 30-33; ID at 7-21, 23.  When an administrative judge's credibility determination is based explicitly or implicitly on the observation of the demeanor of witnesses testifying at a hearing, the Board cannot set the determination aside absent "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Here, the appellant's arguments on review do not provide a sufficiently sound reason to disturb the administrative judge's finding that Dr. Y.H. was more credible than the appellant.  ID at 7-21, 23; *see Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009) (finding that when an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses).

¶7     On review, the appellant also challenges the administrative judge's findings regarding the third and fourth charges.  PFR File, Tab 4 at 24-30.  We have

---

[3] On review, the appellant does not challenge the administrative judge's findings that he failed to prove his affirmative defenses of discrimination based on sex, whistleblower reprisal, or harmful procedural error, and we discern no reason to disturb these findings. PFR File, Tabs 4, 10; ID at 34-35, 38-43.  In analyzing the appellant's affirmative defense of discrimination based on sex, the administrative judge did not apply the analytical framework in *Savage*, 122 M.S.P.R. 612, ¶¶ 42–43, 51.   ID at 34-35. However, we find that applying the analytical framework in *Savage* would not change the result in this case.

carefully considered the record evidence and the appellant's arguments, and we find that the agency proved charges three and four.

The appellant failed to prove his affirmative defense of retaliation for protected EEO activity.

¶8    On review, the appellant argues that the administrative judge erred in finding that he failed to prove his affirmative defense of retaliation for protected EEO activity.  PFR File, Tab 4 at 24-30, Tab 10 at 7-16.  Shortly before the initial decision in the instant appeal was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board analyzes such claims.  *Savage*, 122 M.S.P.R. 612, ¶¶ 42-43, 51.  However, in analyzing the appellant's affirmative defense of retaliation for protected EEO activity, the administrative judge did not apply the analytical framework in *Savage*.  ID at 35-38.  We find that applying the analytical framework in *Savage* would not change the result in this case.  Therefore, we affirm the administrative judge's finding that the appellant did not meet his burden of proving his affirmative defense of retaliation for protected EEO activity.

The appellant's due process claims do not provide a basis to disturb the initial decision.

¶9    On review, the appellant argues that deciding official improperly considered ex parte information in violation of his due process rights.  PFR File, Tab 4 at 14-24, Tab 10 at 4-7.  First, the appellant contends that, in making the decision to remove him, the deciding official improperly considered concerns that the appellant posed a threat and would become increasingly violent and a recommendation by the agency's workplace violence prevention program that he should not return to work.  According to the appellant, he was not informed of this information in the proposal notice.  PFR File, Tab 4 at 14-21, Tab 10 at 4-7.  The appellant raised this argument for the first time below in a footnote in his post-hearing brief, and the administrative judge did not address it in the initial decision.  IAF, Tab 37 at 17 & n.21; ID.

¶10       Although the appellant has not attempted to show good cause for raising this argument belatedly below, giving him the benefit of the doubt and assuming that it was based in part on the deciding official's hearing testimony, we will address it here. *See* 5 C.F.R. § 1201.24(b) (requiring an appellant to show good cause for raising claims or defenses for the first time after the conference defining the issues in the case). The majority of the information discussed by the appellant is referenced in the proposal notice, and therefore, the deciding official did not rely on new and material ex parte information when he considered it. *See* IAF, Tab 5 at 80; *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279–80 (Fed. Cir. 2011) (explaining that a deciding official violates an employee's right to due process when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed). To the extent that the appellant argues that concerns that he would become "increasingly violent" differ from the "safety concerns" referenced in the proposal notice, the deciding official testified that his consideration of this information was limited to his decision regarding the appellant's administrative ban from the NIH campus, which he compartmentalized from his decision regarding the appellant's removal. Hearing Transcript Volume 2 at 171-76. For these reasons, we find that the appellant has not established that the agency violated his due process rights. *See Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1353–54 (Fed. Cir. 2012) (finding that an appellant did not establish that an agency violated his due process rights when the deciding official testified that, although she was aware of certain information, she did not consider it in making her decision to remove him). Accordingly, we modify the initial decision to find that the appellant did not establish that the agency violated his due process rights.

¶11       For the first time on review, the appellant also argues that the agency violated his due process rights when the deciding official purportedly considered a recommendation in the table of penalties for an offense with which he was not

charged. PFR File, Tab 4 at 22-24. We will not consider this argument because the appellant has failed to demonstrate that it is based on new and material evidence that previously was unavailable to him despite due diligence. *See Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

The penalty of removal is reasonable.

¶12      On review, the appellant does not challenge the administrative judge's finding that the penalty of removal would be reasonable if all of the charges were sustained, and we discern no basis to disturb that finding on review. For this reason, and the reasons discussed above, we affirm the initial decision sustaining the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[4]

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S.

---

[4] The administrative judge did not afford the appellant notice of appeals rights under the Whistleblower Protection Enhancement Act of 2012 or notice of his mixed-case right to appeal his discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. We notify the appellant of his proper appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, [39 M.S.P.R. 183](#), 186-87 (1988).

Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit.                                                              The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.