**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHAYLE THOMPSON,<br>            Appellant, | DOCKET NUMBER<br>AT-0752-16-0518-I-1 |
|            v. | |
| DEPARTMENT OF AGRICULTURE,<br>            Agency. | DATE: February 5, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shayle Thompson</u>, Fredericksburg, Virginia, pro se.

<u>Dionne Shy</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On April 6, 2014, the agency appointed the appellant to an intermittent Food Inspector Slaughter position with the agency's Food Safety and Inspection Service in Gainesville, Georgia. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 76. Effective April 20, 2016, the agency removed the appellant based on the following charges: (1) neglect of duty (three specifications); and (2) discourteous conduct (one specification). IAF, Tab 4 at 33-37, 40-42. The appellant filed a Board appeal challenging her removal, and she requested a hearing. IAF, Tab 1 at 1-5. She raised the affirmative defenses of retaliation for equal employment opportunity (EEO) activity and discrimination based on sex, race, and marital status. *Id.* at 5. While the appeal was pending before the administrative judge, the appellant withdrew her request for a hearing. IAF, Tab 17 at 4, Tab 22 at 1.

Based on the written record, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 50, Initial Decision (ID) at 1, 11. Specifically, she sustained both charges, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty of removal was within the bounds of reasonableness. ID at 3-9. She further found that the appellant failed to prove her affirmative defenses of discrimination based on race, sex, or marital status. ID at 9-11.

The appellant has filed a petition for review challenging the initial decision, along with supplemental documentation. Petition for Review (PFR) File, Tabs 1-6.[2] The agency has filed a response opposing her petition. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly sustained the neglect-of-duty charge.

The agency based the three specifications of its neglect-of-duty charge on the following alleged misconduct: on September 14, on October 7, and on or around December 3, 2015, the appellant left the workplace before the end of her assigned tour of duty without supervisory approval. IAF, Tab 4 at 40-41. The appellant testified during her deposition that she left work early on those dates, and that she believed she had supervisory approval to leave work early on two of those dates, because her first-line supervisor told her that he could not stop her from leaving.[3] IAF, Tab 26 at 36-46. The first-line supervisor declared, under penalty of perjury, that he did not give her permission to leave work early on those dates. *Id.* at 19. We agree with the administrative judge's finding that the agency proved by preponderant evidence all three specifications of the neglect-of-duty charge. ID at 4-5; *see McIntire v. Federal Emergency Management Agency*, 55 M.S.P.R. 578, 583-84 (1992) (analyzing the essence, or single core element, of the agency's neglect-of-duty charge).

In her petition for review, the appellant argues that the administrative judge erroneously relied on the first-line supervisor's declaration. PFR File, Tab 1 at 5-7; ID at 2-4. A declaration, subscribed as true under penalty of perjury, if

---

[2] The appellant's documentation submitted on review is part of the record below, and thus, does not constitute new evidence on which grounds a petition for review may be granted. PFR File, Tab 1 at 11-18, Tabs 2-6; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that was already a part of the record was not new).

[3] The appellant stated during her deposition that she did not receive supervisory approval to leave work early on December 3, 2015. IAF, Tab 26 at 47-48, 53.

uncontested, proves the facts it asserts. *Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 8 (2013). The appellant asserts that her first-line supervisor's declaration is not credible because he wants to cover up his own misconduct and to assure that she is terminated, and she has submitted as evidence of his misconduct a newspaper article about a safety issue at the plant and the private company's unwillingness to allow the Occupational Safety and Health Administration to conduct a general inspection. PFR File, Tab 1 at 5-7, 11-13. However, she does not contest the substance of his declaration regarding her duties as a "line inspector" and the effect on the workplace when a line inspector leaves the inspection line, as referenced in the initial decision. ID at 2-4; IAF, Tab 26 at 17-19. Moreover, we find that the appellant has not presented any evidence to contradict the first-line supervisor's declaration that he did not give her permission to leave work early. IAF, Tab 26 at 19; *see Tram*, 120 M.S.P.R. 208, ¶ 8 (finding that the appellant did not present credible evidence contradicting the declarations in question). We find that the administrative judge properly relied on the first-line supervisor's declaration.

The appellant further asserts on review that the administrative judge erroneously relied on the agency's investigations into her workplace violence reports in finding that her claim that she left work early because she felt threatened was not supported by the record evidence. PFR File, Tab 1 at 6; ID at 5. For the reasons described above, we find that the administrative judge's reliance on the agency's investigations was not necessary to sustain the neglect-of-duty charge. We further find that any error by the administrative judge in considering the agency's investigations in sustaining the charge did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (observing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The administrative judge properly addressed the appellant's claim that she left work early because she feared for her safety in assessing the

reasonableness of the penalty.  ID at 8-9; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (finding that unusual job tensions and harassment may be relevant as mitigating factors in assessing the appropriateness of a penalty); *see also Peters v. Federal Deposit Insurance Corporation*, 23 M.S.P.R. 526, 528-29 (1984) (considering the fact that the appellant worked in a "pressure cooker" environment as a mitigating factor in assessing the reasonableness of the removal penalty), *aff'd*, 770 F.2d 182 (Fed. Cir. 1985) (Table).

The administrative judge properly sustained the discourteous conduct charge.

The agency's discourteous conduct charge is based on its allegation that, during a telephone conversation between the appellant and her acting supervisor on or around December 3, 2015, the appellant questioned the acting supervisor's authority and failed to provide information regarding her workplace issue and reason for wanting to leave work early.  IAF, Tab 4 at 41-42.  The appellant testified during her deposition that, during the approximately 8-minute telephone conversation, her acting supervisor told her that she was not allowed to leave work early unless she was sick, and she told her acting supervisor, "I don't know who you are," "You don't know what is going on here," and "They do not control their employees."  IAF, Tab 26 at 50-56, 58-59.  The appellant further stated during her deposition that, in response to her acting supervisor's questions, she said "It would take me too long to explain all of that."  *Id.* at 57-58.  Based on the appellant's deposition testimony, we agree with the administrative judge's finding that the agency proved the discourteous conduct charge by preponderant evidence.  ID at 5-7; *see Walker v. Department of the Army*, 102 M.S.P.R. 474, ¶¶ 11-13 (2006) (finding that the agency proved the charge of repeated acts of discourtesy when, during telephone conversations between the appellant and his supervisor, he was loud and rude, became angry, raised his voice, and interrupted and hung up on his supervisor).  The appellant's general disagreement on review with the administrative judge's finding, without more, does not provide a reason to disturb it.  PFR File, Tab 1 at 5.

<u>The appellant has failed to prove her affirmative defenses of discrimination based on sex, race, and marital status, or retaliation for prior EEO activity.</u>

Pursuant to 5 U.S.C. § 7701(c)(2)(B), an agency's decision may not be sustained if an appellant proves by preponderant evidence that it was based on any prohibited personnel practice described in 5 U.S.C. § 2302(b). *See* 5 C.F.R. § 1201.56(b)(2)(i)(C), (c)(2). When an appellant asserts an affirmative defense of discrimination or retaliation for EEO activity under Title VII of the Civil Rights Act of 1964, the Board first will inquire whether she has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 21. Such a showing is sufficient to establish that the agency violated 42 U.S.C. § 2000e-16, thereby committing a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). *Id.*

Although not covered by Title VII, discrimination on the basis of marital status is a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(E). The Board has analyzed such claims under the legal framework applicable to Title VII claims. *Craighead v. Department of Agriculture*, 6 M.S.P.R. 159, 162 (1981); *see Qatsha v. Department of Defense*, 86 M.S.P.R. 121, ¶¶ 2, 6 (2000) (finding that the appellant was entitled to have the Board decide the merits of his affirmative defense of marital status discrimination raised in his demotion appeal).

Here, we find that the administrative judge properly considered the evidence as a whole in finding that the appellant failed to show by preponderant evidence that discrimination based on sex, race, or marital status was a motivating factor in her removal. ID at 9-11. The administrative judge thoroughly considered the record evidence, including the appellant's EEO complaint and deposition testimony, and found no evidence to indicate that prohibited discrimination or retaliation was a motivating factor in her removal. ID at 10-11. In particular, the appellant testified during her deposition that she was unaware of any comments that the deciding official had made to suggest that

she had an animus based on marital status, sex, race, or prior protected activity. IAF, Tab 26 at 33.  The appellant further testified that she believed that the deciding official had an improper animus because she upheld the agency's removal action.  *Id.* at 33-34.

In her petition for review, the appellant reasserts her claim of retaliation for prior EEO activity.  PFR File, Tab 1 at 4; IAF, Tab 1 at 5.  Although the administrative judge failed to make an explicit finding on that claim, we find it unnecessary to remand the appeal because the appellant waived her right to a hearing, the administrative judge correctly notified her of the elements and burden of proving the claim, and the record has been fully developed on the claim.  IAF, Tab 23 at 3-4; *see Mahaffey v. Department of Agriculture*, 105 M.S.P.R. 347, ¶¶ 4, 10-11 (2007) (finding that, although the administrative judge erred in failing to address the appellant's affirmative defenses, remand was unnecessary because the appellant was aware of his burden and elements of proof regarding his claims, he waived a hearing, and the record was fully developed on his claims).  Based on our review of the record, we find that the appellant has failed to prove by preponderant evidence that retaliation for EEO activity was a motivating factor in her removal.  The appellant has not disputed on review the accuracy of her deposition testimony, and she has not provided any new evidence of discrimination or retaliation.  Therefore, we find no reason to disturb the administrative judge's finding that the appellant failed to prove her affirmative defenses.[4]  Because we find that the appellant failed to show that prohibited discrimination or retaliation was a motivating factor in the decision to remove her, we do not reach the question of whether discrimination or retaliation was a

---

[4] The appellant reasserts on review a claim of discrimination based on educational status that the administrative judge did not address below.  PFR File, Tab 1 at 4; IAF, Tab 1 at 5, 35, Tab 9 at 9, 16-19, 25.  Discrimination based on educational status is not a prohibited personnel practice under 5 U.S.C. § 2302(b)(1).  Thus, we find that the administrative judge did not err in not addressing this claim, and we decline to consider it further.

"but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, 20-22, 29-33.

<u>The administrative judge properly found that the agency established nexus and the reasonableness of the penalty.</u>

When, as in the instant appeal, the Board has sustained all of the agency's charges, the Board will review an agency-imposed penalty only to determine if the agency considered the relevant *Douglas* factors[5] and exercised management discretion within tolerable limits of reasonableness. *Holland v. Department of Defense*, 83 M.S.P.R. 317, ¶ 9 (1999). The Board will modify the agency's chosen penalty only if it finds that the agency failed to weigh the relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Id.*; *Douglas*, 5 M.S.P.R. at 306.

We find that the agency properly considered the relevant *Douglas* factors in deciding the appropriate penalty. In the decision letter, the deciding official found that the appellant's less than 2 years of service and otherwise satisfactory performance were outweighed significantly by the nature and seriousness of her misconduct. IAF, Tab 4 at 34-35. In particular, the deciding official stated that the appellant's misconduct demonstrated her neglect of duty and unreliability as an intermittent employee, who must be available for work as needed. *Id.* The deciding official also addressed the appellant's allegations that she left work early because she feared for her safety and that she felt threatened and harassed but found that she provided no evidence to substantiate her claims and did not explain why she did not bring her concerns to the attention of her manager. *Id.* at 35-36. In addition, the deciding official found that the penalty of removal is consistent with the agency's table of penalties, which is supported by the record evidence. *Id.* at 35, 74-75.

---

[5] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the appropriateness of an agency-imposed penalty for an employee's misconduct.

The appellant reasserts on review her claim that she left work early because she feared for her safety. PFR File, Tab 1 at 5-6. The record evidence shows that the appellant presented the agency with an oral and a written reply to the notice of proposed removal, but based on our review of the record, the appellant did not provide the agency with specific information detailing circumstances that made her leave her duty station early on September 14, on October 7, or on or around December 3, 2015. IAF, Tab 4 at 38-39, Tab 5 at 4-138. We further find that the appellant has not shown that she could not have provided such details to the agency. Thus, the agency did not err by not considering the appellant's claim concerning alleged threats as a mitigating circumstance in deciding the appropriate penalty. IAF, Tab 4 at 36. Moreover, we find no reason to disturb the administrative judge's finding that the penalty of removal does not exceed the bounds of reasonableness. ID at 9; *see Walker*, 102 M.S.P.R. 474, ¶ 19 (finding that the agency's removal penalty, based on the appellant's refusal to report for duty when on call and repeated discourtesy to his supervisor, was reasonable); *Peters*, 23 M.S.P.R. at 529 (finding that the penalty of removal for the sustained instances of discourteous and unprofessional conduct did not exceed the limits of reasonableness).

Further, the appellant does not dispute, and we find no reason to disturb, the administrative judge's finding that the agency established nexus between the appellant's misconduct and the efficiency of the service. ID at 7-8; *see Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding that there was a sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred, in part, at work).

## The appellant's claims of administrative judge bias do not provide a reason to disturb the initial decision.

Finally, the appellant contends on review that the administrative judge's actions, attitude, verbal tone, and decisions demonstrate bias, an abuse of discretion, and harmful procedural error. PFR File, Tab 1 at 5, 7. The Board will

not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). Moreover, an administrative judge's conduct during the course of a Board proceeding will warrant a new adjudication only if her comments or actions evidence a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*; *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant has not identified any improper comments by the administrative judge that would indicate favoritism or antagonism. Further, we find that the administrative judge's consideration of the agency's motions to dismiss the appeal either for lack of jurisdiction or based on the appellant's civil action does not evidence bias, an abuse of discretion, or harmful procedural error. PFR File, Tab 1 at 5, 7; IAF, Tabs 11-13; *see Bowens v. Office of Personnel Management*, 59 M.S.P.R. 390, 392 (1993) (recognizing that an administrative judge has wide discretion to control the proceedings before her, including ruling on motions); 5 C.F.R. § 1201.41(b)(8).

Accordingly, we find that the administrative judge properly affirmed the appellant's removal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board
Washington, D.C.